NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**RICHARD BLY,**<br>　　　　　　**Defendant.** | Crim. No. 17-378 (KM)<br><br>**OPINION** |

This matter comes before the Court on defendant Richard Bly's motion to dismiss the indictment (DE 45) based on a violation of the Speedy Trial Act, 18 U.S.C. §§ 3161-3174, which requires that a trial start "within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). Certain periods of delay "shall be excluded . . . in computing the time within which the trial . . . must commence." 18 U.S.C. § 3161(h). The Government does not oppose dismissal; the parties disagree, however, as to the basis and as to whether dismissal should be with prejudice.

The current procedural posture of the case is as follows. Judge Linares, to whom the case was then assigned, ruled on April 24, 2019, that the defendant was competent to stand trial. The same day, the government filed a motion for a status conference to ascertain the defendant's intentions and schedule a trial date. Judge Linares retired as of approximately May 17, 2019. The matter was reassigned to me on May 20, 2019. (DE 40) On May 21, 2019, I granted the government's application for a status conference, which was scheduled for May 29, 2019. At that conference, the defendant orally made his motion for dismissal based on the Speedy Trial Act. I ordered expedited briefing on the motion and scheduled the matter for trial on July 11, 2019. (DE 46).

1

### A. Calculation of Excludable Days

Bly contends that the following periods are not excludable:

| | | | |
|---|---|---|---|
| i. 10/1/17–10/9/17 | Gap between agreed continuance orders | | 9 days |
| ii. 4/18/18–5/11/18 | Gap between agreed continuance orders | | 22 days |
| iii. 6/2/18–7/5/18 | 33-day period from order for competency exam and arrival at Devens. 33 days total, of which 10 deemed excludable. | | 23 days |
| iv. 4/25/19–5/29/19 | No continuance order in place. | | 35 days |
| | | **TOTAL** | **89 days** |

The total of non-excludable days calculated by Bly, then, is 19 days in excess of the 70-day Speedy Trial limit. I discuss the above-listed periods, i through iv, in order

#### i. *Effect of pre-indictment continuance order*

The defendant contends that 9 days—between the expiration of a pre-indictment continuance order after September 30, 2017, and the entry of the first post-indictment continuance order on October 10, 2017—is excludable. The Government, commendably fulfilling its ethical obligation, has proffered that the proper calculation may yield a total of 19, rather than 9, non-excludable days.

On March 16, 2017, a criminal complaint was filed against Bly. Continuance orders followed, the last of which was entered on August 2, 2017, to run through September 30, 2017. (DE 10).

In the midst of that continuance period, however, on September 19, 2017, Bly was indicted by a grand jury. (DE 11). By its explicit terms, the August 2 continuance order did not toll the 70-day deadline between indictment and trial; it tolled the 30-day deadline between complaint and indictment. *See* 18 U.S.C. § 3161(b). The government concedes that the law is not clear as to whether the return of the indictment extinguished the then-pending continuance of the 30-day pre-indictment deadline.

I take a conservative view. The continuance order, which was directed to the pre-indictment 30-day deadline, lost its effectiveness when the indictment

2

was returned on September 19, 2017. The 70-day post-indictment deadline, then, would not have been tolled by the pre-indictment continuance order.[1]

The parties did not obtain the first continuance of the 70-day post-indictment deadline until October 10, 2017 (the day of arraignment on the Indictment). (DE 42). Because the prior continuance expired on September 19, 2017, 19 non-excludable days elapsed in the interim.[2]

  *ii.*   *Gap between continuances, 4/18/18–5/11/18*

The parties seem to agree that this 22-day period is not excludable.

  *iii.*   *Transportation: 23 days*

A major point of disagreement is the exclusion, or not, of 23 days in connection with Bly's transportation to a federal medical center in Devens, Massachusetts for a competency evaluation. Bly, relying on the Third Circuit's recent decision in *United States v. Williams*, 917 F.3d 195 (3d Cir. 2019), argues that 33 days elapsed between the court's entry of an order for such an examination and his arrival at Devens. He concedes that 10 days of delay are reasonable under the statute, but maintains that the remaining 23 days are presumptively unreasonable. *See* 18 U.S.C. § 3161(h)(1)(A) (excluding "delay

---

[1] When did the post-indictment clock start ticking? The 70-day deadline runs from "the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). Arraignment on the Indictment did not occur until October 10, 2017, and that surely was an appearance before a judicial officer. But on September 19, 2017, when the indictment was filed, the defendant had *already* "appeared before a judicial officer" of this court; on March 16, 2017, there was an initial appearance on the complaint. (DE 2) The charge in the complaint was essentially identical to that in the later Indictment. (I note that the statute does not refer to an appearance on "such indictment or information," but rather on "such charge.") Moreover, the defendant was detained pursuant to that complaint. It does not seem equitable to adopt an interpretation that would permit the government to delay arraignment of a detained defendant indefinitely without triggering the deadline. I think that the statute contemplates the situation in which a previously-uncharged defendant is indicted and subsequently has an initial appearance or arraignment.

[2] The defendant's calculation assumes that the continuance extended until September 30, 2019, and therefore finds that 9, not 19, days are not excludable. *See* chart, p.1, first item, *supra*.

3

resulting from any proceeding, including any examinations, to determine the mental competency . . . of the defendant."); 18 U.S.C. § 3161(h)(1)(f) (excluding "delay resulting from transportation of any defendant . . . to and from places of examination . . ., except that any time consumed in excess of ten days from the date an order . . . directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable.").

*Williams* confirms that a "period of delay between a party's filing a motion for a competency determination and a court's disposition of that motion is excludable, except that only ten days for transport of the defendant to the site of a psychological examination are automatically excludable; any period of transport delay in excess of ten days is presumptively unreasonable."[3] *Williams*, 917 F.3d at 202.

The Government concedes that 33 days elapsed between the order granting a competency examination and Bly's arrival at the Devens facility. The Government also concedes that exclusion of any more than 10 days is "presumptively" unreasonable, *see* 18 U.S.C. § 3161(h)(1)(f), which would leave 23 days of non-excludable time. It contends that the delay was nevertheless reasonable under the circumstances. The delay preceded the transportation itself. It resulted from Judge Linares's grant of Bly's own requests that (1) he be designated to the Devens facility (which did not have a bed immediately available) so that he could be close to his family; and (2) he not be transported out of state until after he had an opportunity to meet locally with defense medical experts. Still, there was no contemporaneous finding that this

---

[3] In *Williams*, the District Court ordered that the defendant be transported for a psychological examination on June 11, 2014. 917 F.3d at 203. The defendant arrived at the facility on July 29, 2014, and therefore there were thirty-seven days that were presumptively unreasonable and non-excludable. *Id.* at 203-04. The Third Circuit held that the Government failed to overcome the presumption that these days were non-excludable because "[t]he only explanation for the delay that was offered" was "that the Marshals Service did not receive the District Court's order directing Williams's transport until July 9, 2014." *Id.* at 204. "[N]egligence on the part of the Government or a district court in relaying to the Marshals Service the order directing the defendant's transport is patently unreasonable and non-excludable." *Id.*

4

additional 23 days served the ends of justice, and there is a statutory presumption of unreasonableness. I will take a conservative approach and assume this 23-day period was not excludable.

> iv. *Period without continuance order preceding May 29, 2019 status conference*

Next, the Government takes issue with Bly's argument that the 35-day period April 25, 2019 to May 29, 2019, is non-excludable because "there was no continuance order in effect." On April 24, 2019, the Government filed a motion for a "status conference to determine defendant's wishes to proceed to trial and to set a schedule for pretrial proceedings and trial, if necessary." That motion requested "that time be excluded in the interests of justice until the date of the conference pursuant to 18 U.S.C. § 3161(h)(7)(A)." (DE 38). Subsection (h)(7)(A) excludes delays pursuant to an order of continuance entered by the judge upon a finding that the ends of justice in granting the continuance outweigh the best interest of the public and the defendant in a speedy trial. No such order was entered by Judge Linares, however.

An alternative basis is proffered by the Government after the fact. The request for a status conference, it says, was a pretrial motion, and was docketed as a motion. (DE 38). The pendency of a pretrial motion tolls the speedy trial clock. See 18 U.S.C. § 3161(h)(1)(F) (excluding "[a]ny period of delay resulting from other proceedings concerning the defendant, including . . . delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion."); *Henderson v. United States*, 476 U.S. 321, 327-29, 106 S. Ct. 1871 (1986).

The motion, then, was filed on April 24, 2017. The case was reassigned to me on May 20, 2019, and on May 21, 2019, I granted the government's request to schedule the conference by Text Order. (DE 41). The conference occurred 8 days later, on May 29, 2019. Assuming that this qualifies as a motion, it remained pending for 27 (not 35) days. At least 8 days of this period, then, would not be excludable under § 3161(h)(1)(F).

5

In light of the above analysis, I arrive at the following calculation:

| | | | |
|---|---|---|---|
| i. 9/19/17–10/10/17 | Indictment through first continuance | | 19 days |
| ii. 4/18/18–5/11/18 | Gap between agreed continuance orders | | 22 days |
| iii. 6/2/18–7/5/18 | Period from order for competency exam to arrival at Devens. 33 days total, of which 10 deemed reasonable | | 23 days |
| iv. 5/21/19–5/29/19 | After decision of pending motion | | <u>8 days</u> |
| | | **TOTAL** | **72 days** |

As the government concedes, more than 70 non-excludable days elapsed. There are surely some debatable issues here, but there is no real need to parse the matter any further. Because the Government does not (to this extent) oppose Bly's motion, the Court will grant it and order that the Indictment be dismissed on Speedy Trial grounds.

### B. Dismissal With or Without Prejudice

The question remains as to whether the dismissal should be with or without prejudice. Even assuming that Bly's account of the grounds for dismissal is the correct one, this dismissal is without prejudice for the reasons stated below. I assume that the government will reindict very quickly. On that assumption, the trial date previously set will remain in place. Dismissal and reindictment, then, will not result in any further delay or prejudice to the defendant.[4]

If a defendant is not brought to trial within the requisite time, the Speedy Trial Act mandates dismissal of the indictment upon the defendant's motion. 18 U.S.C. § 3162(a)(2). As to whether the dismissal should be with or without prejudice, § 3162(a)(2) sets forth factors that courts should consider, including "the seriousness of the offense[,] the facts and circumstances of the case which

---

[4] Indeed, even if the government's concession on the Speedy Trial issues is deemed over-generous, the new indictment may be deemed a superseding indictment, albeit one that is substantially identical to its predecessor. Because the trial date will remain the same, there is no question of bad faith. Arraignment on any reindictment, however, must precede the trial date by at least 30 days. 18 U.S.C. § 3161(c)(2).

6

led to the dismissal[,] and the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. § 3162(a)(2).

The first factor, seriousness of the offense, "centers primarily on society's interest in bringing the particular accused to trial." *United States v. Stevenson*, 832 F.3d 412, 419 (3d Cir. 2016) (internal quotation and citation omitted). The purpose of "this factor is intuitive: '[t]he graver the crimes, the greater the insult to societal interests if the charges are dropped, once and for all, without a meaningful determination of guilt or innocence.'" *Id.* (quoting *United States v. Hastings*, 847 F.2d 920, 925 (1st Cir. 1988)).

Bly is charged with online enticement of a minor pursuant to 18 U.S.C. §2422(b). The complaint alleges that Bly posted an online advertisement seeking sex with a minor. (DE 1). The complaint further alleges that Bly engaged in graphic conversations, with an undercover agent, for the purpose of securing an encounter with an eight-year-old girl. Bly then traveled from Massachusetts to New Jersey to meet the girl, where he was arrested.

The Court concludes that the first factor weighs in favor of dismissal without prejudice, notwithstanding that the "victim" was an undercover agent, as argued by Bly. First, the charged offense is undoubtedly serious, carrying a mandatory minimum term of imprisonment of ten years and a maximum of life imprisonment. *See* 18 U.S.C. § 2422(b); *see United States v. Queen*, 2009 U.S. Dist. LEXIS 23150, at *6 (E.D. Wis. Mar. 24, 2009) (concluding child enticement was serious offense even though "case arose out of an internet sting operation and thus did not involve an actual child.").

Second, the statute is aimed at enticement and "guilt arises from the defendant's knowledge of what he intends to do,' i.e., engage in sexual activity with a person he *believes* to be a minor." *Queen*, 2009 U.S. Dist. LEXIS 23150, at *7 (emphasis in original) (quoting *United States v. Meek*, 366 F.3d 705, 718 (9th Cir. 2004)); *see also United States v. Tykarsky*, 446 F.3d 458, 466-67 (3d Cir. 2006) (noting that Congress sought to "address the challenges of computer crimes 'by providing law enforcement with the tools it needs to investigate and

7

bring to justice those individuals who prey on our nation's children.'" (quoting H.R. Rep. No. 105-557, at 10 (1998))). Accordingly, I conclude that the first factor weighs in favor of a dismissal without prejudice.

The second factor, the facts and circumstances that led to dismissal, "requires courts to consider the reasons for the delay: did it stem from 'intentional dilatory conduct' or a 'pattern of neglect on the part of the Government,' or rather, from a relatively benign hitch in the prosecutorial process?" *Stevenson*, 832 F.3d at 420 (quoting *United States v. Cano-Silva*, 402 F.3d 1031, 1036 (10th Cir. 2005)) (citing *United States v. Blevins*, 142 F.3d 223, 226 (5th Cir. 1998) ("Regarding the facts and circumstances leading to the dismissal, we look to whether the Government sought the resultant delays for ulterior purposes as well as whether the Government's failure to meet deadlines was repetitive, regular, and frequent with respect to this defendant."))

Even in Bly's version, there is no intentional dilatory conduct or a pattern of neglect on the part of the Government; this is a case of an ordinary hitch in the prosecutorial process. Trial in this matter was initially set for July 16, 2018 before then-Chief Judge Linares. (DE 18). On May 11, 2018, Bly filed his motion for a competency evaluation, halting trial preparations and putting off the trial date. (DE 23). The 23 non-excludable transport days arose from Bly's own request, granted by the court, that the evaluation be conducted at Devens, Massachusetts, so that he could be close to his family. That facility apparently has limited capacity. (DE 48, at 3). Bly himself requested that he not be transported until at least June 2, 2018, so that he could meet with defense medical experts before leaving the state.

Both of Bly's requests were granted in Judge Linares's order for a competency evaluation, entered on May 29, 2018. (DE 27). The Marshals Service received the order a day later, on May 30th (DE 48 at 3), and on May 31st, the Marshals Service transmitted the order to the Bureau of Prisons ("BOP"). On June 1, 2018, the BOP confirmed that Bly would be designated to go to Devens. A bed at Devens first became available on July 2, 2018.

Transport began the next day, on July 3, 2018, and he arrived at Devens on July 5, 2018.

Under these circumstances, I conclude that the second factor weighs in favor of granting the dismissal without prejudice. There is no evidence that the Government acted dilatorily, in bad faith, or to gain some tactical advantage. *See Stevenson*, 832 F.3d at 420. Indeed, much of the delay involved accommodation of the defendant's wishes. The remainder involved ordinary administrative gaps between proceedings.

The last factor, the impact of a reprosecution on the administration of the Speedy Trial Act and on the administration of justice, mainly focuses on "whether the defendant suffered actual prejudice as a result of the delay and whether the government engaged in prosecutorial misconduct that must be deterred to ensure compliance with the Act." *Id.* at 422 (quotation and citation omitted). This factor also supports the Government. Bly has not proffered any evidence of actual prejudice, and there has not been a showing of Government misconduct. There is no indication that the delay prevented Bly from preparing for trial of from mounting a defense. As noted above, if the matter is reindicted quickly, the previously-set trial date of July 11, 2019, will hold.

## CONCLUSION

Accordingly, Bly's motion to dismiss the indictment is granted without prejudice.

Dated: June 10, 2019

KEVIN MCNULTY, U.S.D.J.